# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 14-0271-WS |
| ) | |
| MARGARETTE REED, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant Margarette Reed's filing styled "Motion to Terminate Garnishment and Set Payment Amount for Restitution" (doc. 36). In this Motion, Reed seeks relief from what she describes as "the aggressive actions taken by the Financial Litigation Unit" in garnishing her wages. Specifically, she requests that "the Court set a monthly repayment amount that is equitable to all parties."

The court file reflects that Reed entered a guilty plea to one count of wire fraud, in violation of 18 U.S.C. § 1343. On April 1, 2015, the undersigned entered a Judgment (doc. 24) that, among other provisions, decreed that Reed "shall make restitution in the total amount of $85,785.55 to Keystone Automotive Industries …. ***Restitution is due immediately and payable in full***, and is to be paid through the Clerk, U.S. District Court." (Doc. 24, at 2 (emphasis added).) Likewise, in the "Schedule of Payments" section of the Judgment, the Court directed as follows: "Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: … Lump sum payment of $85,885.55 (restitution and special assessment) due immediately, balance due … in accordance with … [p]ayment in monthly installments of $200.00, to commence 30 days after the date of this judgment." (*Id.* at 4.)

On May 16, 2018 (more than three years after entry of Judgment), the Government applied for a Post-Judgment Continuing Writ of Garnishment directed to Reed's current employer, Southern Distributors Inc. (Doc. 27.) The Application reflected a balance owed of $81,174.55 on the restitution amount. Upon issuance of the Writ, the Government served copies of the Application, the Writ, Clerk's Notice with sample Request for Hearing and/or Transfer, and Claim for Exemption Form accompanied by instructions for objecting to the Garnishee's

Answer and obtaining a hearing on Reed via Federal Express on or about May 18, 2018. (Doc. 33.) Southern Distributors also served a copy of its Answer on Reed via Registered Mail at her address of record on or about May 23, 2018. (Doc. 29.) Reed neither filed objections nor requested a hearing at any time. On September 26, 2018, the undersigned entered a Final Order for Disposition of Garnished Funds (doc. 34), directing Southern Distributors to turn over any and all nonexempt monies withheld since service of the Writ, and setting forth specific instructions to Southern Distributors for garnishing Reed's wages going forward, in accordance with 15 U.S.C. § 1673(a) and other applicable statutes.

Now Reed, by and through counsel, requests that this Court terminate the garnishment order and set a monthly repayment amount "that will guarantee that the Defendant will be able to pay a fair amount to the Financial Litigation Unit and meet her monthly financial obligations." (Doc. 36, ¶ 6.) Aside from a vague statement that Reed "is unable to provide for herself" under the current garnishment arrangement, movant provides no factual predicate for her Motion. Moreover, she cites no legal authority in support of the requested relief.

Contrary to Reed's suggestion, the Government's collection activity in this case is in no way improper. Indeed, the Government bears statutory responsibility for collecting the restitution amount specified in the Judgment. *See* 18 U.S.C. § 3612(c) ("[t]he Attorney General shall be responsible for collection of an unpaid fine or restitution"), § 3664(m) ("An order of restitution may be enforced by the United States … by all other available and reasonable means."). Significantly, the Judgment entered in this case stated unequivocally that "[r]estitution is due immediately and payable in full." Reed never filed written objections or a motion to correct or amend the Judgment within the allotted 14-day period. *See* Rule 35(a), Fed.R.Crim.P. Reed did not file a notice of appeal within 14 days after entry of Judgment, as required by Rule 4(b)(1)(A), Fed.R.App.P. Furthermore, while Reed states that she "has faithfully made her monthly payment of $50.00 per month," the Judgment actually specified that restitution payments should be made in monthly installments of $200.

Insofar as Reed may be implying that the Government is somehow overreaching its authority or violating the Judgment by seeking to collect restitution via garnishment, the Court rejects that sentiment as legally incorrect. The restitution order included in the Judgment did not purport to confine the Government to collection of restitution via monthly payment plan, with no recourse via garnishment or other remedies. *See, e.g., United States v. Ekong*, 518 F.3d 285, 286

(5th Cir. 2007) ("Ekong contends that there was no justification for requiring immediate payment because the criminal judgment specified that restitution be paid in installments. This argument is without merit."); *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007) ("nothing precludes the government from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence"); *United States v. Quam*, 127 F. Supp.3d 999, 1000 (D. Minn. 2015) ("the existence of a payment plan in a criminal judgment does not preclude the government from seeking victim restitution through other avenues"); *United States v. Miller*, 588 F. Supp.2d 789, 796 (W.D. Mich. 2008) ("the periodic payment provision in a criminal judgment cannot be immutable or insulate a defendant from other collection efforts"). Nor has Reed identified any written provision in the plea agreement, her correspondence with the Government, or anywhere else, where the Government agreed or promised to forego garnishment or other collection activities. And, of course, the time for voicing objections to the "due immediately and payable in full" language used in the Judgment expired long ago. There is no impropriety in the Government's collection activity here.

As noted, Reed cites neither statutory nor decisional authority that would entitle her to the requested relief from the Writ of Garnishment. While she includes a general statement that she "is unable to provide for herself" because of the garnishment (which was carried out in full compliance with 28 U.S.C. § 3205), Reed identifies no supporting facts that might warrant such a determination by this Court.

For all of the foregoing reasons, defendant's "Motion to Terminate Garnishment and Set Payment Amount for Restitution" (doc. 36) is **denied**, without prejudice to her ability to renew such Motion upon a proper legal and factual showing.

DONE and ORDERED this 6th day of December, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE